IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM D. LYLES, | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 3:21-cv-00628 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| BROOKS BRADEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' "Joint Motion to Dismiss" (Doc. No. 20, "Motion"), and an accompanying Memorandum of Law. (Doc. No. 20-1). For the reasons discussed herein, the Court will grant Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed this case on July 12, 2021, in the Circuit Court for Houston County, Tennessee. (Doc. No. 1-2). Defendants removed the case to this Court on August 11, 2021. (Doc. No. 1 at 1). Plaintiff's original Complaint appears to assert a claim based on employment discrimination in violation of Title VII, a claim based on a violation of Fourteenth Amendment due process, and a claim for intentional infliction of emotional distress. (Doc. No. 1-2 at 5). However, the original Complaint is disorganized and oddly formatted, and Defendants filed a motion for a more definitive statement on August 17, 2021. (Doc. No. 9). The assigned magistrate judge granted Defendants' request and directed Plaintiff to "file an amended complaint that 'states [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' as required by Federal Rule of Civil Procedure 10(b)" by "no later than September

8, 2021." (Doc. No. 11). Plaintiff failed to file an amended complaint, and the appropriate time for so doing has passed.

Consequently, on January 6, 2022, Defendants filed this Motion pursuant to Fed. R. Civ. P. 41(b), requesting dismissal "based upon Plaintiff's failure to comply with 1) the Federal Rules of Civil Procedure and 2) this Court's Order requiring Plaintiff to file an amended complaint by no later than September 8, 2021." (Doc. No. 20-1 at 1). Plaintiff failed to oppose the Motion, and it is ripe for review.

## STANDARD

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). None of these factors by itself is outcome-dispositive. *Id.*

A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits[1] unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should apply only in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161 (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)).

## DISCUSSION

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. Instead, Plaintiff has repeatedly failed to respond to motions by Defendants and likewise has failed to comply with the Court's order directing Plaintiff to file an amended complaint. Plaintiff has also not communicated at all with the Court to request additional time for making responsive filings or to offer an explanation as to why he is unable to comply with the Court's order. Moreover, Plaintiff did not even respond to the present Motion to offer any opposition to Defendants' request for dismissal. Giving due consideration to each of the factors outlined by the Sixth Circuit, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter*, 636 F.2d at 161.

**1. Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*,

---

[1] In the context of Rule 41 (at least), a dismissal "on the merits" means a dismissal "with prejudice" and (not surprisingly) stands in contrast to a dismissal "without prejudice," which primarily means a dismissal "without barring the plaintiff from returning later, to the same court, with the same underlying claim." *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

261 F.3d at 591). Plaintiff's counsel has previously filed a notice informing the Court that he had not received notifications of filings because "all Court notifications to me had been sent to an outdated AOL email address." (Doc. No. 12). However, at the removal of the present case to this Court, the parties were directed to keep the Court "apprised of current contract information" (Doc. No. 2), and it is not the Court's responsibility to ensure Plaintiff's counsel has provided the Court with his correct email address. Furthermore, an incorrect email address theoretically corrected in September 2021 is not an excuse for failing to comply with the Court's order for an additional four months (and counting). Although none of this suggests that Plaintiff was driven by "bad faith," he is still "at fault for failing to comply with the Court's Order[ ]," which amounts to much the same thing. *See Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), *report and recommendation adopted by* 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017). Finally, Plaintiff bears the burden of "showing that his failure to comply was due to inability, not willfulness or bad faith." *Marsh v. Rhodes*, No. 17-1211, 2017 WL 7833767, at *3 (6th Cir. Dec. 14, 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Plaintiff failed to carry (or even attempt to carry) this burden, so this factor weighs in favor of dismissal.

   **2. Prejudice**

   Defendants argue they are prejudiced by Plaintiff's failure to respond because they "remain unable to ascertain the specific facts upon which Plaintiff relies, much less identify which actions and claims apply to which Defendant," and this means they are unable "to serve their respective responses and assert applicable defenses." (Doc. No. 20-1 at 3).

   The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir.

2013) (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). "[T]ime and effort spent on 'typical steps in the early stages of litigation[,]' such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions 'necessitated by any lack of cooperation' and therefore do not weigh in favor of dismissal for failure to prosecute." *Sims v. McCarter*, No. 3:18-CV-00072, 2019 WL 2088832, at *3 (M.D. Tenn. May 13, 2019), *report and recommendation adopted*, No. 3:18-CV-00072, 2019 WL 2355108 (M.D. Tenn. June 4, 2019) (quoting *Schafer*, 529 F.3d at 739).

In this case, Defendants' only discernible significant expenditure of resources has been in connection with their motion for a more definite statement (Doc. No. 9) and the instant Motion (Doc. No. 20). The former occurred prior to Plaintiff (or, as seems more likely, Plaintiff's counsel) dropping the proverbial ball and thus is not attributable to that. And the Court is loath to grant any kind of motion to dismiss based (even if only in part) on the fact that the defendant had to prepare the motion to dismiss in the first place; this strikes the Court as inappropriate bootstrapping. Thus, the record does not demonstrate that Defendants have wasted substantial time or money that is properly attributable to Plaintiff's lack of cooperation. So this factor weighs against dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).

Here, while the Court never expressly warned Plaintiffs that his failure to file an amended complaint could lead to dismissal for failure to prosecute, the Federal Rules of Civil Procedure are quite clear that a failure to comply with a court's orders can lead to dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Additionally, Defendants filed this present Motion to Dismiss on January 6, 2022, which would have further apprised Plaintiff of the risk that his claims could be dismissed. And yet Plaintiff failed to file an amended complaint in accordance with the Court's order and failed to provide any opposition to this Motion. This factor weighs in favor of dismissal, albeit not as heavily as if the Court had issued an order telling Plaintiff to do X, Y, and Z or else suffer dismissal of the Complaint.

### 4. Appropriateness of Other Sanctions

Defendants argue that Plaintiff's claim should be dismissed because "alternative sanctions are not warranted, as Plaintiff was already given an opportunity to correct the defects in his Complaint." (Doc. No. 20-1 at 3). As Plaintiff has already illustrated that he is willing to disregard the Court's orders, it is not clear to the Court that sanctions other than dismissal would be effective. Therefore, this factor weighs in favor of dismissal.

As discussed above, a dismissal under Rule 41(b) is usually a dismissal with prejudice. *See Mufadhal v. Citimortgage, Inc.*, No. 12-CV-10251, 2012 WL 5989887, at *1 (E.D. Mich. Nov. 30, 2012) ("The Civil Rule further provides that unless the dismissal order states otherwise, such

a dismissal is an 'adjudication on the merits' of the case, and is, therefore, a dismissal with prejudice."). However, when a lesser sanction of dismissal without prejudice is available and appropriate, the Court may choose to take that sanction. *See Purvis v. Clarksville Montgomery Cty. Cmty. Action Headstart*, No. 3:19-CV-1161, 2021 WL 4460508, at *3 (M.D. Tenn. Sept. 29, 2021) ("Dismissal without prejudice balances the Court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'") (quoting *Muncy v. G.C.R, Inc.*, 110 F. App'x 552, 557 n. 5 (6th Cir. 2004)).

Here, the Court finds that dismissal *without* prejudice is an appropriate and available sanction, especially considering that the consequence of a dismissal *with* prejudice ultimately is a sanction borne most heavily by Plaintiff rather than his counsel, and the Court does not see why this delay might not be more accurately attributed to Plaintiff's counsel rather than to Plaintiff himself.

## CONCLUSION

Three of the four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh sanction," Plaintiff was given ample opportunity to respond to the Court's order directing him to file an amended complaint, but yet failed to comply or offer any explanation for his non-compliance. Accordingly, dismissal of the case is appropriate. However, recognizing that one factor weighed against dismissal, and out of concern for imposing a sanction falling most heavily on someone who may not be much to blame, the Court will impose the lesser sanction of dismissal without prejudice.

For the reasons discussed, Defendants' Motion will be **GRANTED**. Plaintiff's claims will be **DISMISSED without prejudice.**

The Clerk is directed to close the file. This Order constitutes the final judgment in this case for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE